# United States Court of Appeals for the Federal Circuit

---

**CANCER RESEARCH TECHNOLOGY LIMITED AND SCHERING CORPORATION,**
*Plaintiffs-Appellants,*

v.

**BARR LABORATORIES, INC. AND BARR PHARMACEUTICALS, INC.,**
*Defendants-Appellees.*

---

2010-1204

---

Appeal from the United States District Court for the District of Delaware in case no. 07-CV-0457, Judge Sue L. Robinson.

ON PETITION FOR REHEARING EN BANC

---

Before RADER, *Chief Judge*, NEWMAN, LOURIE, BRYSON, GAJARSA, LINN, DYK, PROST, MOORE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

PROST, *Circuit Judge*, with whom GAJARSA, MOORE, and O'MALLEY, *Circuit Judges*, join, dissents from the denial of the petition for rehearing en banc.

DYK, *Circuit Judge*, dissents from the denial of the petition for rehearing en banc.

––––––––––––––––––––

GEORGE C. LOMBARDI, Winston & Strawn LLP, of Chicago, Illinois, filed a petition for rehearing en banc for defendants-appellees. With him on the petition were LYNN M. ULRICH, MAUREEN L. RURKA, IVAN M. POULLAOS, JULIA M. JOHNSON, of Chicago, Illinois; and STEFFEN N. JOHNSON, of Washington, DC.


MATTHEW D. POWERS, Weil Gotshal & Manges LLP, of Redwood Shores, California. filed a response to the petition for plaintiffs-appellants. With him on the response were JENNIFER H. WU, of New York, New York; and NICOLAS G. BARZOUKAS, of Houston, Texas.

––––––––––––––––––––

## O R D E R

A petition for rehearing en banc was filed by Defendants-Appellees, and a response thereto was invited by the court and filed by Plaintiffs-Appellants. The petition for rehearing was referred to the panel that heard the appeal, and thereafter the petition for rehearing en banc and the response were referred to the circuit judges who are authorized to request a poll whether to rehear the appeal en banc. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

> (1) The petition of Defendants-Appellees for panel rehearing is denied.

> (2) The petition of Defendants-Appellees for rehearing en banc is denied.

(3)  The mandate of the court will issue on March 7, 2011.

FOR THE COURT

February 28, 2011                    /s/ Jan Horbaly
Date                                 Jan Horbaly
                                     Clerk

cc:  Matthew D. Powers, Esq.
     George C. Lombardi, Esq.

# United States Court of Appeals for the Federal Circuit

---

**CANCER RESEARCH TECHNOLOGY LIMITED AND SCHERING CORPORATION,**
*Plaintiffs-Appellants,*

**v.**

**BARR LABORATORIES, INC. AND BARR PHARMACEUTICALS, INC.,**
*Defendants-Appellees.*

---

2010-1204

---

Appeal from the United States District Court for the District of Delaware in case no. 07-CV-0457.

PROST, *Circuit Judge*, with whom GAJARSA, MOORE, and O'MALLEY, *Circuit Judges*, join, dissents from the denial of the petition for rehearing en banc.

---

I respectfully dissent from the court's denial of the request to rehear this case en banc. The panel majority's decision improperly weakens the Supreme Court's legal test for prosecution laches by requiring evidence of intervening rights. Consequently, it encourages applicants to keep prosecution open and reshape their claims to capture later technological and business developments, all to the public's injury.

A brief review of this patent's prosecution illustrates why the Supreme Court and this court employ prosecution laches as a doctrine to guard against improper prosecution. The original application was filed in August 1982. The examiner's first office action was a rejection citing concerns about utility. Rather than responding substantively, the applicant filed a continuation and abandoned the original application. The examiner again issued a rejection. The applicant again filed a continuation and again abandoned its pending application. This cycle of reject-continue-abandon repeated nine more times. The applicant extended the duration still further with approximately two years of strategic extensions.

By the time Cancer Research took over prosecution, it had made significant progress in developing the drug covered by this patent's claims. Only then did Cancer Research finally substantively respond to the utility rejection by pointing to data in the *original application*. Shortly thereafter—before a new examiner and over eleven years after filing—this patent issued in 1993.

The majority did not dispute the district court's finding that that this was unreasonable prosecution practice. But rather than affirm the well-reasoned opinion below, the majority narrowed the equitable doctrine of prosecution laches by requiring direct evidence of intervening rights, and thereby prevented the defendant from establishing the defense. As a matter of law and of policy, I submit that the court has committed a serious wrong.

The doctrine of prosecution laches is addressed in significant part to the harms improper prosecution imposes on the public. *Woodbridge v. United States*, 263 U.S. 50, 60 (1923) (discussing *Macbeth-Evans Glass Co. v. Gen. Electric Co.*, 246 F. 695, 700 (6th Cir. 1917)); *Symbol*

*Techs., Inc. v. Lemelson Med., Educ. & Research Found., LP*, 277 F.3d 1361, 1364 (Fed. Cir. 2002) (discussing *Crown Cork & Seal Co. v. Ferdinand Gutmann Co.*, 304 U.S. 149 (1938)). Where "the purpose and result of the conduct of the inventor were unduly to postpone the time when the public could enjoy the free use of the invention," equity bars the inventor from seeking to exclude the public from the claimed subject matter. *Woodbridge*, 263 U.S. at 60; *see also Webster Elec. Co. v. Splitdorf Elec. Co.*, 264 U.S. 463, 465 (1924).

There is no dispute that prosecution laches is an equitable doctrine, nominally applied based on the totality of the circumstances. *See Cancer Research Tech. Ltd. v. Barr Labs., Inc.*, 625 F.3d 724, 728 (Fed. Cir. Nov. 9, 2010). In my view, this test should remain intentionally flexible in order to accommodate the different ways in which the public might be harmed by a delay in the patent monopoly, whether it be late entry of generic pharmaceuticals, a lack of access to foundational technologies, distortion of markets, or other harms we have not yet encountered. But the majority rejects the "totality analysis." First, by requiring direct evidence of intervening rights during the period of delay, the majority ignores the harm suffered by the public when patents are not prosecuted in a timely manner. Second, the court ignores the extent of the harm visited on the accused infringer and on the public during the period *after* issuance, when their right to practice the invention is delayed. In my view, such rigidity unnecessarily narrows the doctrine, with the result that this court will be blinded to the larger equities at stake. A rigid rule surely discounts the relevant concerns that may arise.

This narrowing of the doctrine is not only unnecessary, it is contrary to Supreme Court precedent. It is true

that in both *Woodbridge* and *Webster* the Court refused to enforce the patent where both unreasonable delay and intervening rights existed. *Woodbridge*, 263 U.S. at 53, 56-57; *Webster*, 264 U.S. at 465-66. In each of these cases, however, the Court made clear that both unreasonable delay and intervening rights were not required to support a finding of prosecution laches. In *Woodbridge*, the Court stated that an inventor "'may forfeit his rights as an inventor by a willful or negligent postponement of his claims, or by an attempt to withhold the benefit of his improvement from the public until a similar or the same improvement should have been made and introduced by others.'" *Woodbridge*, 263 U.S. at 57 (quoting *Kendall v. Winsor*, 62 U.S. (21 How.) 322, 329 (1858)). Similarly, in *Webster*, the Court stated, "[o]ur conclusion, therefore, is that in cases involving laches, equitable estoppel or intervening private or public rights, the two-year time limit prima facie applies to divisional applications and can only be avoided by proof of special circumstances justifying a longer delay." *Webster*, 264 U.S. at 471. The Court's use of the disjunctive "or" in these cases distinguishes prosecution laches and intervening rights as independent defenses.[1]

---

[1]    Neither *Crown Cork & Seal*, 304 U.S. 159, nor *General Talking Pictures Corp. v. Western Electric Co.*, 304 U.S. 175 (1938), altered this conclusion. In *Crown Cork & Seal*, the Supreme Court explained that *Webster* did not establish "two years" as a strict time limit for filing a divisional application after the issuance of the patent. 304 U.S. at 167–68. *General Talking Pictures* applies *Crown Cork & Seal*'s rule to continuation applications. 304 U.S. at 183. Nothing in *General Talking Pictures* requires the party asserting prosecution laches to show that it had intervening rights or was prejudiced as a prerequisite to asserting the defense. The existence of intervening adverse rights is merely one factor courts

The rigidity of the majority's rule is of particular concern because the Supreme Court has repeatedly—and recently—cautioned against such excessive formalism in application of the patent laws. In *Bilski v. Kappos*, No. 08-964, slip op. at 6–7, 561 U.S. ___ (June 28, 2010), the Court cautioned that exclusive use of the "machine-or-transformation test" to determine a process's patentability was too restrictive, and risked reading into the Patent Act limitations on subject matter patentability that Congress did not intend. In *KSR International Co. v. Teleflex Inc.*, 550 U.S. 398, 419–22 (2007), the Court held that rigid insistence that a patent could be proved obvious only by locating in the prior art some explicit "teaching, suggestion, or motivation" to combine references was too narrow a view of the statute against obvious patents. And in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393–94 (2006), the Court rejected any firm rule that a judgment of infringement should normally be followed by a permanent injunction.

In each of these cases, flexibility was favored over rigidity. The majority's opinion moves in the opposite direction. Under its rule, the "totality of the circumstances" test has been muted into an inquiry into specific forms of proof. In my view, such an outcome is undesirable and inconsistent with the controlling authority, as explained at length in my dissenting opinion to the panel's decision. En banc review could have prevented the harm done by the majority to this equitable doctrine. Accordingly, I respectfully dissent from the court's denial of Barr Laboratories' request for rehearing en banc.

---

consider when weighing the equities and deciding whether the equitable defense applies.

# United States Court of Appeals for the Federal Circuit

---

**CANCER RESEARCH TECHNOLOGY LIMITED
AND SCHERING CORPORATION,**
*Plaintiffs-Appellants,*

**v.**

**BARR LABORATORIES, INC. AND
BARR PHARMACEUTICALS, INC.,**
*Defendants-Appellees.*

---

2010-1204

---

Appeal from the United States District Court for the District of Delaware in case no. 07-CV-0457, Judge Sue L. Robinson.

DYK, *Circuit Judge*, dissenting from the denial of the petition for rehearing en banc.

---

Judge Prost has ably stated why a defendant need not show evidence of intervening rights to establish a prosecution laches defense and why this case should have been heard en banc, and I join her opinion in these respects. However, I cannot agree that the test in this context should be the amorphous "totality of the circumstances" test, which is really no test at all. The Supreme Court has not required us to utilize this confusing test for prose-

cution laches, and I believe that we should decline to do so. Patent prosecutors require guidance as to when they risk a defense of prosecution laches. We should grant en banc review to provide that guidance.